Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000682
08-OCT-2019
07:54 AM

NO. CAAP-18-0000682

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DENA RAMIREZ, Petitioner-Appellee, v.
SERGIO RAMIREZ, Respondent-Appellant


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CR./CIVIL/S.P.P. NO. )


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Respondent-Appellant Sergio Ramirez (**Sergio**) appeals *pro se* from the Order for Protection in favor of Petitioner-Appellee Dena Ramirez (**Dena**) entered on July 26, 2018 (**Order for Protection**), by the Family Court of the Third Circuit (**Family Court**).[1] Sergio's opening brief fails to comply with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(3), (4), (5), and (7), and Sergio did not request transcripts of the subject Family Court proceedings. Nevertheless, it is the policy of this court to permit *pro se* litigants the opportunity to have their cases heard on the merits, where possible. See, e.g., Hawaiian Props.,

---

[1] The Honorable Charles H. Hite presided.

Ltd. v. Tauala, 125 Hawai'i 176, 181 n.6, 254 P.3d 487, 492 n.6 (App. 2011) (citation omitted).

Sergio fails to identify points of error on appeal, but it appears that he contends that the Family Court erred when it: (1) failed to provide him with an interpreter; (2) failed to grant him an extension of time related to a temporary restraining order (**TRO**); (3) denied him a continuance of a hearing date to retain proper counsel, in effect denying him counsel; (4) limited the amount of time he had to present his case, thus denying him due process; (5) granted the Order for Protection solely based on the testimony of Dena and one of the parties' children; and (6) ordered a five year period of protection.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Sergio's contentions as follows:

(1) Sergio argues that the Family Court denied him due process because the court never offered him a Spanish language interpreter. As noted above, no transcripts of proceedings are available. However, the Family Court's minutes of the July 26, 2018 evidentiary hearing on Dena's Petition for an Order of Protection include the following:

> CT: Inquired if Resp. needs an interpreter.
> RESP: Spanish is first language but is okay.

Thus, it appears that the Family Court did in fact inquire concerning whether Sergio needed an interpreter and he declined. It further appears from the minutes that Sergio

responded to the court's inquiry about legal representation, that he cross-examined witnesses, made closing arguments, inquired about whether he could appeal the Family Court's decision, and inquired about bills that had been paid by the parties' restaurant. There is nothing in the record on appeal to support Sergio's contention that he did not understand and could not adequately defend himself in the Family Court proceedings due to a lack of an interpreter. On the record in this case, we cannot conclude that the Family Court abused its discretion in failing to appoint an interpreter.

(2 & 3) Although it is somewhat unclear, it appears that Sergio contends that the Family Court abused its discretion by failing to grant him an extension of time related to a TRO, and perhaps at another time, so that he could retain counsel. There are no motions or other written requests for continuances, no transcripts available for the hearings before the Family Court, and no minutes indicating a denied request for continuance.

It appears from the record that on May 22, 2018, Sergio was served with a notice of a TRO, a TRO, the Petition for Order of Protection, and an Amended Notice of Hearing for a hearing to be held on June 20, 2018. Minutes of the June 20, 2018 hearing indicate that Sergio was advised of his right to get an attorney and the matter was continued to July 11, 2018, to permit Sergio to consult with an attorney.[2] Minutes of the July 11, 2018

---

[2] The Honorable Darien W.L. Ching Nagata presided.

3

hearing indicate that the Family Court[3] inquired as to whether Sergio got an attorney, Sergio responded that he had no money and "wants to go forward," and the court advised Sergio "of his options." After the court recessed for over two hours for the parties to try to work out an agreement, the matter came back on for hearing, Sergio denied the allegations of the Petition and the court set the case for evidentiary hearing on July 26, 2018, and further evidentiary hearing on August 2, 2018.[4] Minutes of the July 26, 2018 evidentiary hearing indicate that the Family Court inquired if Sergio was going to get an attorney and he responded that he tried to, but was unable to get one, and he "can do it myself." There is no indication that Sergio requested a continuance. On the record in this case, we cannot conclude that the Family Court abused its discretion in failing to order any further continuances.

(4) Sergio contends that the Family Court denied him due process by limiting the amount of time he had to present his case. Sergio does not identify any testimony or other evidence that he was precluded from presenting. There is no indication in the record to support Sergio's assertion that he was denied an opportunity to present his case. Accordingly, we conclude that this argument has no merit.

(5) Sergio appears to contend that the testimony of Dena and the parties' son constituted insufficient evidence to

---

[3] The Honorable Darien W.L. Ching Nagata presided.

[4] Although the court scheduled two days for the evidentiary hearing, it appears from the record that the hearing was completed by 10:53 a.m., on July 26, 2018.

support the Order for Protection. The testimony of a single witness, if found by the trier of fact to have been credible, will suffice to support a trial court's findings of fact. <u>See</u>, <u>e.g.</u>, <u>In re Doe</u>, 95 Hawai'i 183, 196-97, 20 P.3d 616, 629-30 (2001) (citations omitted). Absent a transcript of the evidentiary hearing, this court has no basis to determine that the Family Court's findings of fact were clearly erroneous and, therefore, the Family Court's findings and conclusions will not be disturbed. <u>See</u>, <u>e.g.</u>, <u>Hawaiian Trust Co. v. Cowan</u>, 4 Haw. App. 166, 172, 663 P.2d 634, 638 (1983).

(6) Sergio contends that the Family Court erred in issuing the Order for Protection for a period of five years, "per statute." Sergio does not identify which statute supports his argument. The Order for Protection was issued pursuant to HRS § 586-5.5 (2018), which permits such an order to be issued for a "fixed reasonable period as the court deems appropriate." This argument is without merit.

For these reasons, the Family Court's July 26, 2018 Order for Protection is affirmed.

DATED: Honolulu, Hawai'i, October 8, 2019.

On the briefs:

Sergio Ramirez,
Respondent-Appellant, *Pro Se.*

Melody Parker,
for Petitioner-Appellee.

Chief Judge

Associate Judge

Associate Judge

5